# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON, | Case No. 1:21-cv-00493-NONE-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| UNITED STATES, et al., | (ECF No. 1) |
| Defendant. | THIRTY DAY DEADLINE |

Chris Epperson ("Plaintiff") is proceeding pro se and *in forma pauperis* in this action. Currently before the Court is Plaintiff's complaint, filed on March 24, 2021. (ECF No. 1.)

## I.

## LEGAL STANDARD

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*

1  complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
2  (affirming *sua sponte* dismissal for failure to state a claim).  The Court exercises its discretion to
3  screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
4  fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
5  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

6      In determining whether a complaint fails to state a claim, the Court uses the same
7  pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a
8  short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R.
9  Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
10 elements of a cause of action, supported by mere conclusory statements, do not suffice."
11 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
12 544, 555 (2007)).

13     In reviewing the pro se complaint, the Court is to liberally construe the pleadings and
14 accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89,
15 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint,
16 a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A]
17 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
18 short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting
19 Twombly, 550 U.S. at 557).

20 **II.**
21 **COMPLAINT**

22     The caption of the complaint lists the United States as the defendant.  (Compl., 1, ECF
23 No. 1.)  The complaint lists as defendants: Bill Clinton, Barak Obama, Donald Trump, and Joe
24 Biden.[1]  (Id. at 2.)  Plaintiff has checked both federal question and diversity of citizenship as the
25 basis of jurisdiction.  (Id. at 3.)  Under basis for diversity jurisdiction, Plaintiff states that
26 Geoffrey S. Binney is a citizen of the State of Texas.  (Id. at 4.)  Under the statement of claim,

---

28 [1] The Court uses the correct spelling of the defendants' names.

2

1  the complaint states "Embezzlement" and "Extortion Threats." (Id. at 5.) Plaintiff lists the
2  amount in controversy as "475 million Telehealth Kickback Scheme" and "Local Rule 83:19."
3  (Id.) The relief sought is as follows:

> 31 to 39. Repealed Ch. 645 21,62 Stat. 862
> 40. Transferred
> 41. Repealed June 25, 1948
> 42. Transferred
> 50 U.S. Code Chapter 4 – Espionage

(Compl., 6.)

The Civil Cover Sheet lists the Defendant as Geoffrey S. Binney and states that the basis of jurisdiction is federal question, but identifies that Plaintiff is a citizen of this state and defendant is a citizen of another state. (ECF No. 1-1.) The nature of suit is listed as contract, marine. (Id.) The origin of the proceeding is listed as multidistrict litigation. (Id.) The cause of action is described as 50 U.S.C. § 2271. (Id.) Plaintiff lists the demand as four hundred million dollars. (Id.)

## III.

## DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

### A. Rule 8

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. Twombly, 550

1 U.S. at 555.  There are no factual allegations in the complaint that identify the basis of the claim
2 and Plaintiff's vague references to statutes is not sufficient to identify the basis of any federal
3 claim.  It is the duty of Plaintiff to articulate his claim, and neither the Court nor the defendants
4 have to try to decipher what claims Plaintiff is asserting in the action.

5   Although Plaintiff states "Embezzlement" and "Extortion Threats" as the statement of the
6 claim, a complaint is required to contain sufficient factual content for the court to draw the
7 reasonable conclusion that the defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at
8 678.  It is impossible to determine what Plaintiff is alleging has occurred or how the defendants
9 are alleged to be responsible.

10   Further, Rule 8 requires that the complaint must state a demand for the relief sought.
11 Fed. R. Civ. P. 8(a)(3).  The complaint lists statutory references as the form of relief sought.  In
12 filing any amended complaint, Plaintiff needs to set forth the relief that he is seeking in the
13 action.

14   **B.**   **Suit Against the United States**

15   Plaintiff appears to attempting to bring this action against the United States.  Generally,
16 the United States and its agencies are entitled to sovereign immunity from suit unless Congress
17 has expressly waived immunity.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue
18 Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d 705, 707
19 (9th Cir. 1997).  "Any waiver of immunity must be 'unequivocally expressed,' and any
20 limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are
21 not to be implied.' " Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156, 160-
22 61 (1981).)  The complaint is devoid of any allegations that would enable the Court to determine
23 any basis by which Plaintiff could bring suit against the United States.

24   **C.**   **No Private Cause of Action**

25   Plaintiff is attempting to bring a claim for extortion and embezzlement against the current
26 and three former presidents of the United States, but the complaint does not identify any federal
27 statute or right that would provide a private cause of action.  The complaint cites to 50 U.S. Code
28 and the civil cover sheet lists 50 U.S.C. § 2271.  However there is no such reference in the

United States Code.[2]  "Title 50 of the United States Code, which involves 'War and National Defense,' however, does not contain a Section 2271. See 50 U.S.C § 2201, et seq." Epperson v. Cederborg, No. 1:20-CV-01500-NONE-SKO, 2020 WL 6582448, at *3 (E.D. Cal. Nov. 10, 2020).  Plaintiff's citation to section 2271 is too vague for the Court to determine what he may be referencing as this could be a subsection of any number of statutes.

To the extent that Plaintiff is seeking to bring suit for violations of criminal statutes, generally criminal statutes do not provide a private cause of action.  "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."  Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979).  Rather, the court is to consider Congress intended to create the private right of action in the statute and begins with the language of the statute itself.  Touche Ross & Co., 442 U.S. at 568.  "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997); see also Abcarian v. Levine, 972 F.3d 1019, 1026 (9th Cir. 2020) (no private cause of action for extortion under the Hobbs Act).  The Court lacks jurisdiction to entertain such claims brought by private individuals rather than a government agency.  See McKeague v. Matsuura, No. CIV.08-00571ACKKSC, 2009 WL 89112, at *1 (D. Haw. Jan. 12, 2009) ("To the extent that Plaintiff alleges that any of Defendants' actions are criminal and violate federal criminal statutes involving fraud, extortion, grand theft, conspiracy, and conversion, the Court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency.") (citing United States v. Nixon, 418 U.S. 683, 693 (1974)).

/ / /

/ / /

/ / /

---

[2] The Court notes that Plaintiff has filed other cases in which this court and other courts have found no basis for his alleged cause of action.  See Epperson v. Foreign Commonwealth Office, No. 1:18-cv-01386-DAD-SAB (E.D. Cal. Oct. 18, 2018); Epperson v. N. Dist. of Alabama, No. 1:18-CV-1028 AWI EPG, 2018 WL 10854576, at *1 (E.D. Cal. Aug. 1, 2018); Epperson v. Cederborg, No. 1:20-CV-01500-NONE-SKO, 2020 WL 6582448, at *3 (E.D. Cal. Nov. 10, 2020); Epperson v. Oracle Corporation, No. 1:15-cv-00724-LJO-BAM (E.D. Cal. Oct. 14, 2015).

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a claim in this action. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

2. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.**

IT IS SO ORDERED.

Dated:   **March 29, 2021**

_____
UNITED STATES MAGISTRATE JUDGE