| | |
|---|---|
| CHRIS EPPERSON, | Case No. 1:21-cv-00493-NONE-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY |
| v. | |
| UNITED STATES, et al., | |
| Defendant. | (ECF No. 1) |
| | ORDER STRIKING UNSIGNED FILINGS FROM THE RECORD |
| | (ECF Nos. 5, 6) |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.**

**BACKGROUND**

Chris Epperson ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action on March 24, 2021. (ECF No. 1.) On March 29, 2021, a screening order issued finding that Plaintiff had failed to state a cognizable claim and granting Plaintiff leave to file an amended complaint within thirty days. (ECF No. 4.) On April 21, 2021, Plaintiff filed a document entitled "Statement of Claim". (ECF No. 5.) On April 26, 2021, Plaintiff filed an exhibit. (ECF No. 6.) Upon review of the documents filed by Plaintiff, the Court recommends that this action be dismissed for failure to state a claim and failure to comply.

///

1

## II.

## LEGAL STANDARD

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting

Twombly, 550 U.S. at 557).

## III.

## COMPLAINT

Plaintiff filed a complaint on March 24, 2021. (ECF No. 1.) The caption of the complaint lists the United States as the defendant. (Compl., 1.) The complaint lists as defendants: Bill Clinton, Barak Obama, Donald Trump, and Joe Biden.[1] (Id. at 2.) Plaintiff has checked both federal question and diversity of citizenship as the basis of jurisdiction. (Id. at 3.) Under basis for diversity jurisdiction, Plaintiff states that Geoffrey S. Binney is a citizen of the State of Texas. (Id. at 4.) Under the statement of claim, the complaint states "Embezzlement" and "Extortion Threats." (Id. at 5.) Plaintiff lists the amount in controversy as "475 million Telehealth Kickback Scheme" and "Local Rule 83:19." (Id.) The relief sought is as follows:

> 31 to 39. Repealed Ch. 645 21,62 Stat. 862
> 40. Transferred
> 41. Repealed June 25, 1948
> 42. Transferred
> 50 U.S. Code Chapter 4 – Espionage

(Compl., 6.)

The Civil Cover Sheet lists the Defendant as Geoffrey S. Binney and states that the basis of jurisdiction is federal question, but identifies that Plaintiff is a citizen of this state and defendant is a citizen of another state. (ECF No. 1-1.) The nature of suit is listed as contract, marine. (Id.) The origin of the proceeding is listed as multidistrict litigation. (Id.) The cause of action is described as 50 U.S.C. § 2271. (Id.) Plaintiff lists the demand as four hundred million dollars. (Id.)

## IV.

## DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff was provided with the legal standards that appeared to apply to his claims and was granted an opportunity to file an amended complaint to correct the identified

---

[1] The Court uses the correct spelling of the defendants' names.

3

deficiencies.

**A.     Rule 8**

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. Twombly, 550 U.S. at 555. There are no factual allegations in the complaint that identify the basis of the claim and Plaintiff's vague references to statutes is not sufficient to identify the basis of any federal claim. It is the duty of Plaintiff to articulate his claim, and neither the Court nor the defendants have to try to decipher what claims Plaintiff is asserting in the action.

Although Plaintiff states "Embezzlement" and "Extortion Threats" as the statement of the claim, a complaint is required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. It is impossible to determine what Plaintiff is alleging has occurred or how the defendants are alleged to be liable.

Further, Rule 8 requires that the complaint must state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). The complaint lists statutory references as the form of relief sought. Plaintiff was advised that in filing any amended complaint, he needed to set forth the relief that he is seeking in the action.

**B.     Suit Against the United States**

Plaintiff appears to be attempting to bring this action against the United States. Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d

705, 707 (9th Cir. 1997). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).) The complaint is devoid of any allegations that would enable the Court to determine any basis by which Plaintiff could bring suit against the United States.

### C. No Private Cause of Action

Plaintiff is attempting to bring a claim for extortion and embezzlement against the current and three former presidents of the United States, but the complaint does not identify any federal statute or right that would provide a private cause of action. The complaint cites to 50 U.S. Code and the civil cover sheet lists 50 U.S.C. § 2271. However there is no such reference in the United States Code.[2] "Title 50 of the United States Code, which involves 'War and National Defense,' however, does not contain a Section 2271. See 50 U.S.C § 2201, et seq." Epperson v. Cederborg, No. 1:20-CV-01500-NONE-SKO, 2020 WL 6582448, at *3 (E.D. Cal. Nov. 10, 2020). Plaintiff's citation to section 2271 is too vague for the Court to determine what he may be referencing as this could be a subsection of any number of statutes.

To the extent that Plaintiff is seeking to bring suit for violations of criminal statutes, generally criminal statutes do not provide a private cause of action. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979). Rather, the court is to consider Congress intended to create the private right of action in the statute and begins with the language of the statute itself. Touche Ross & Co., 442 U.S. at 568. "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997); see also Abcarian v. Levine, 972 F.3d 1019, 1026 (9th Cir. 2020) (no private cause of action for extortion under the

---

[2] The Court notes that Plaintiff has filed other cases in which this court and other courts have found no basis for his alleged cause of action. See Epperson v. Foreign Commonwealth Office, No. 1:18-cv-01386-DAD-SAB (E.D. Cal. Oct. 18, 2018); Epperson v. N. Dist. of Alabama, No. 1:18-CV-1028 AWI EPG, 2018 WL 10854576, at *1 (E.D. Cal. Aug. 1, 2018); Epperson v. Cederborg, No. 1:20-CV-01500-NONE-SKO, 2020 WL 6582448, at *3 (E.D. Cal. Nov. 10, 2020); Epperson v. Oracle Corporation, No. 1:15-cv-00724-LJO-BAM (E.D. Cal. Oct. 14, 2015).

Hobbs Act). The Court lacks jurisdiction to entertain such claims brought by private individuals rather than a government agency. See McKeague v. Matsuura, No. CIV.08-00571ACKKSC, 2009 WL 89112, at *1 (D. Haw. Jan. 12, 2009) ("To the extent that Plaintiff alleges that any of Defendants' actions are criminal and violate federal criminal statutes involving fraud, extortion, grand theft, conspiracy, and conversion, the Court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency.") (citing United States v. Nixon, 418 U.S. 683, 693 (1974)).

## V.

## UNSIGED DOCUMENTS

Plaintiff filed a document entitled "Statement of the Claim" on April 12, 2021.[3] (ECF No. 5.) The document is unsigned. Plaintiff filed a document labeled as "Exhibit 3999" on April 26, 2021, which is also unsigned.[4] (ECF No. 6.) Unsigned documents cannot be considered by the Court, and the statement of the claim and exhibit shall be stricken from the record on that ground. Fed. R. Civ. P. 11(a); Local Rule 131(b).

---

[3] The document states,

> The defendants include telemedicine executives, owners of durable medical equipment companies, and those connected to genetic testing laboratories and pharmacies across 51 judicial districts.
>
> Feds charge hundreds of individuals in 10 billion healthcare fraud.

(ECF No. 5.)

[4] The exhibit states,

> Wheeler Act of Congress
> 1955
> MJD
> DJD
> Cuban Missle [sic] Crisis
> 88th Congress
> R.S. 1275
> Fugitive Slave Act
> Rule 41
> Federal don't [sic] cross state.
> Two Governors Ambush me while walking my great dane.
> PT109
> HRT
> America No. 1.

(ECF No. 6.) Attached to the first page are copies of pages which a google search identifies as from Grace & Power: The Private World of the Kennedy Whitehouse by Sally Bedell Smith. (Id. at 2-7.)

1 | Further, even if these documents were considered they would not state a claim in this 2 | action. These documents do not identify any defendants and there are no facts alleged that 3 | would cause the Court to reasonably infer that Plaintiff was entitled to any relief in this action.

## VI.

## DISMISSAL FOR FAILURE TO STATE A CLAIM

For the reasons discussed above, Plaintiff's complaint was screened and it was determined that Plaintiff failed to state a cognizable claim. An order issued on March 29, 2021 and Plaintiff was provided with thirty days in which to file an amended complaint. (ECF No. 4.) In the March 29, 2021 order, Plaintiff was advised that if he failed to file an amended complaint, it would be recommended that this action be dismissed for the reasons stated in the order. (Id. at 6.) More than thirty days have passed and Plaintiff has not filed an amended complaint and his unsigned filings do not indicate that Plaintiff can allege any facts that would state a claim in this action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended

complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of March 29, 2021. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor sought an extension of time to do so. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's March 29, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "**If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order**." (ECF No. 4 at 6 (emphasis in original).) Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to state a claim.

Accordingly, the Court recommends that this action be dismissed for Plaintiff's failure to state a claim and failure to comply.

**CONCLUSION AND RECOMMENDATION**

Plaintiff filed a complaint that failed to state a cognizable claim in this action. Plaintiff was provided with the legal standards that apply to his claims and provided with the opportunity to file an amended complaint. Plaintiff has failed to comply with the March 29, 2021 order and for the reasons discussed herein, IT IS HEREBY RECOMMENDED that this matter be dismissed for failure to state a claim and failure to comply.

IT IS FURTHER ORDERED that Plaintiff's unsigned filings of April 12, 2021 (ECF No. 5) and April 26, 2021 (ECF No. 6) are STRICKEN FROM THE RECORD.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing

Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 13, 2021**__

_____
UNITED STATES MAGISTRATE JUDGE